**Paul Anthony BYFIELD,**
**Petitioner–Appellant,**

v.

**John ASHCROFT; John W. Ziglar; Christine G. Davis; Edward McElroy; Bureau of Immigration and Customs Enforcement, Respondents–Appellees.**

**No. 02–30813.**

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 2003.

Rebecca L. Hudsmith, Federal Public Defender, Federal Public Defender's Office, Western District of Louisiana, Lafayette, LA, for Petitioner-Appellant.

Thomas Burton Thompson, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Respondents-Appellees.

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Paul Byfield appeals *pro se* the denial of his 28 U.S.C. § 2241 habeas corpus petition, in which he challenges as unconstitutional his confinement pursuant to INA § 236(c), 8 U.S.C. § 1226(c), which mandates detention of deportable aliens before a final order of removal.[1] While this ap-

1. Title 8 U.S.C. § 1226(c)(1) provides in relevant part:

   The Attorney General shall take into custody any alien who SS

   . . .

peal was pending, however, the Board of Immigration Appeals summarily affirmed Byfield's order of removal. His detention is now governed by INA § 241, 8 U.S.C. § 1231. Therefore, the only issue raised by Byfield in this appeal, the constitutionality of his treatment under INA § 236(c), is no longer one on which this court can grant him meaningful relief. *See De La Teja v. United States,* 321 F.3d 1357 (11th Cir.2003). Because there is no longer a case or controversy, we DISMISS the appeal for want of jurisdiction.

(B) is deportable by reason of having committed any offense covered in section 1227–(a)(2)(A)(ii), (A)(iii), (B),(C), or (D) of this title,
. . .

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.